COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


MARY CASSELL SCOTT

v.          Record No. 1587-95-2      MEMORANDUM OPINION[*] BY
                                      JUDGE RICHARD S. BRAY
FREDERIC W. SCOTT, JR.                    APRIL 16, 1996

        FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                F. Ward Harkrader, Jr., Judge

        John K. Taggart, III (Patricia D. McGraw;
        Tremblay & Smith, LLP, on briefs), for
        appellant.

        Ronald R. Tweel (Thomas J. Michie; Michie,
        Hamlett, Lowry, Rasmussen & Tweel, P.C., on
        brief), for appellee.


        Incidental to divorce proceedings between Mary Cassell Scott
(wife) and Frederic W. Scott, Jr. (husband), the trial court
ruled that a disputed prenuptial agreement required equal
division of certain tangible personalty purchased with funds
inherited by wife following the marriage.[1]  On appeal, wife
disputes this construction of the agreement.  Finding no error,
we affirm the order of the trial court.

        The parties are fully conversant with the record, and we
recite only those facts necessary to a disposition of this

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]The validity of this agreement is not an issue on appeal.

appeal.

Prenuptial agreements, like property settlement agreements, are subject to the "same rules of interpretation applicable to contracts generally."  See Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985).  On appeal, "the meaning and effect of [a] contract is a question of law which can readily be ascertained by this court," Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987), and "we are not bound by the trial court's conclusions . . . ."  Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986).

> When the terms of a disputed provision are clear and definite, it is axiomatic that they are to be applied according to their ordinary meaning.  Where there is no ambiguity in the terms of a contract, we must construe it as written, and . . . not . . . search for the meaning . . . beyond the pertinent instrument itself.

Id. at 514, 351 S.E.2d at 595-96 (citations omitted); see also Frey v. Frey, 14 Va. App. 270, 275, 416 S.E.2d 40, 43 (1992).  "'[A]mbiguity exists when language admits of being understood in more than one way or refers to two or more things at the same time.'"  Smith, 3 Va. App. at 513, 351 S.E.2d at 595 (citations omitted).  However, "[c]ontracts are not rendered ambiguous merely because the parties disagree as to the meaning of the language employed by them in expressing their agreement."  Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984); Smith, 3 Va. App. at 513-14, 351 S.E.2d at 595.

> Here, article 1(a) of the agreement provides that in the event of . . . legal separation or

divorce:

> (a) All house furniture and furnishings and articles of household use or ornament acquired after marriage (other than by inheritance) shall be divided equally between the parties with regard to . . . their current appraised value . . . unless otherwise agreed in writing at the time of the purchase of a particular item.

Wife contends that the exclusion, "other than by inheritance," contemplated household articles whether inherited or acquired with inherited funds.  In support of her contention, wife urges the Court to consider other provisions of the agreement which (1) directed the disposition upon death of her interest in that personalty described in article 1(a), (2) established the rights of each party in the premarital separate property of the other, and (3) acknowledged wife's "limited assets" and "expect[ed] . . . inheritance."

However, we find the language of 1(a) unambiguous and the court's construction consistent with the remainder of the agreement.  The provisions relied upon by wife simply resolved certain property rights should wife predecease husband, declared the rights of each party in their respective separate property (expressly excepting such property "<u>otherwise specifically provided herein</u>"), and recognized an expectancy of inheritance by wife, all issues apart from those interests addressed by article 1(a) and not in conflict with its clear import.

We, therefore, find that the trial court correctly ascertained and applied "the plain meaning of the words" of the

agreement to equally divide the subject household effects, exclusive only of those articles inherited by either party. Accordingly, the order is affirmed.

<u>Affirmed.</u>
